**Martin W. SIEGAL, Petitioner, Appellant,**

v.

**UNITED STATES of America, Respondent, Appellee.**

**No. 99–2317.**

United States Court of Appeals, First Circuit.

Feb. 8, 2001.

Martin W. Siegal on brief pro se on application for certificate of appealability.

Before TORRUELLA, Chief Judge, STAHL and LIPEZ, Circuit Judges.

PER CURIAM.

Pursuant to a plea agreement, *pro se* petitioner Martin W. Siegal was sentenced to 120 months of imprisonment for multiple offenses including money laundering and interstate transportation of stolen property. Siegal thereafter filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The district court denied the writ and then declined to issue a certificate of appealability ("COA"). *Siegal v. United States*, No. 98–12476–PBS (D.Mass. July 27, 1999) (order denying petition for writ of habeas corpus); *Siegal v.. United States*, No. 98–12476–PBS (D.Mass. Sept. 27, 1999) (order denying certificate of appealability). Petitioner now requests a COA from this Court. *See* 28 U.S.C. § 2253(c)(1).

Petitioner's claim for ineffective assistance of counsel arises from the application of the Sentencing Guidelines to his guilty plea. In the original plea agreement, the parties increased the base offense level of 20 for the money laundering charge, *see* U.S.S.G. § 2S1.1(a)(2), by 11 levels for the aggregate amount of the charged offenses, which was agreed to be more than $35,000,000 but less than $60,000,000, *see*

U.S.S.G. § 2S1.1(b)(2)(L). Taking into account a 4 level increase for the defendant's role as an organizer, U.S.S.G. § 3B1.1(a), and a 3 level decrease for acceptance of responsibility, U.S.S.G. § 3E1.1(b)(2), the parties arrived at a total offense level of 32, which carries a sentencing range of 121–151 months for a Category I offender such as Siegal. The parties agreed to a term of incarceration of 120 months.

At the sentencing hearing, the district court observed that the guideline offense level established in the Presentence Report ("PSR") was higher than that stated in the plea agreement. In particular, the PSR correctly grouped the money laundering counts separately from the stolen property charges. *See United States v. Pierro*, 32 F.3d 611, 620 (1st Cir.1994); *United States v. Lombardi*, 5 F.3d 568, 571 (1st Cir.1993). Using a loss figure of $55,000,000 for each and adding an additional 2 levels for the separate grouping, U.S.S.G. § 3D1.4, the PSR arrived at a total offense level of 34. Because of this discrepancy, the court rejected the plea. The court also questioned the loss figures, noting that they were much higher than those introduced at the trial of other defendants involved in the same conspiracy. The government conceded that the amounts had been extrapolated due to insufficient records, and acknowledged that the money laundering figure should have been approximately $3 million. The parties recalculated the sentence based on these figures, this time arriving at an offense level of 33,[1] reduced by 3 levels for

---

1. The parties agreed that the loss for the stolen property was over $40 million, based on an extrapolation over the period of the criminal activity. Thus, the base level of 4, U.S.S.G. § 2B1.1(a), was increased by 19 levels for the amount of loss, U.S.S.G. § 2B1.1(b)(1)(T), 4 levels because it involved stolen property, U.S.S.G. § 2B1.1(b)(4)(B), and 4 levels for the defendant's role as an organizer, U.S.S.G. § 3B1.1(a). Since this adjusted offense level of 31 was greater than the adjusted offense level of 28 for money laundering, *see* U.S.S.G. § 2S1.1(b)(2)(G); U.S.S.G § 3B1.1(a), the 2 level increase for grouping was added to the stolen property count to arrive at the total offense level of 33.

acceptance of responsibility to a total offense level of 30. The court granted the government's unopposed motion to reconsider, accepted the plea, and sentenced petitioner to the agreed-upon term of 120 months, which still fell within the applicable sentencing range of 97–121 months.

A defendant claiming ineffective assistance of counsel must meet the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, the defendant must first demonstrate that counsel's performance fell below an objective standard of reasonableness, and second, that but for these errors, the proceedings would have resulted differently. *Id.* Petitioner claims that it was unreasonable for his counsel to agree to the inflated loss figure for money laundering and to the loss figure ultimately used for the stolen property count. Like the district court, we find these claims without basis in the record. However, even assuming that counsel was deficient in this regard, no prejudice would have ensued: the correct money laundering figure was used in the final calculation, and the $40 million loss for the stolen property was independently examined and accepted by the court as a reasonable (and conservative) estimate given the lack of available records. Even under the recalculated sentence, moreover, petitioner faced a term of at least 135–168 months if he did not plead guilty (corresponding to an offense level of 33, before deducting for acceptance of responsibility). Petitioner has not demonstrated that, had he been given this choice in the original plea agreement, he would have gone to trial rather than accept a sentence of 120 months. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Because we conclude that he has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(1), petitioner's COA application is denied and the appeal terminated.